DUCKER, JUDGE:
This is a claim of Luther Halstead 'and the Calvert Fire Insurance Company, a corporation, the latter being subrogee under its contract with Luther Halstead, against the State Road Commission for damages in the sum of $472.46 done to claimant’s automobile in a collision of it on December 24, 1966 with a State Road Commission truck on that part of State Route No. 21 known as North South Highway south of Oak Hill, West Virginia.
The State moved that the claim be dismissed because the State carried liability insurance to protect the employees of the State Road Commission from liability against claims of this nature and that consequently the claimant could not maintain the case in this Court because he had a remedy in other Courts by reason of such insurance. While the insurance is primarily to protect the employee personally, the State which waives its immunity in this Court should be considered as also having the protection of such insurance, but inasmuch as the factual situation here, on the merits, shows no liability in the matter, we deem it unnecessary to render herein a decision of the question raised by the motion.
The witness, Betty Halstead, ex-wife of Luther Halstead, owner of the 1964 Ford automobile, was driving said automobile south on Route 21, on the afternoon of December 24, 1966, and when she attempted to pass a State Road Commis *25 sion truck which had a snow plow or blade on the front end, her car collided with the blade part of the truck damaging the right front and fender of her car just behind the wheel area. She testified that the road was covered with snow 'and she was driving in a “snow blizzard” and that it was “snowing very hard,” and that she was traveling at about 20 to 25 miles an hour. She further said the truck was at the extreme right in the right hand lane of a four lane highway and that the truck turned to the left into the left lane.
John K. Learmonth, the driver of the State Road Commission truck, testified that the road was a two lane road with an additional turn lane at the point of collision, and that he was traveling at a speed of 10 miles an hour as he was entering the turn lane and that when he saw the Halstead car he quickly turned back to the right lane in order to avoid striking the car with the snow plow blade. Although Betty Halstead said there was no signal light on at the rear of the truck, the driver of the truck said it was on but went off automatically when he turned back to the right to avoid the collision. There is a direct conflict in the testimony as to whether it is a four lane road or a two lane with a turn lane. As the road was covered with snow, no road lane markings were visible. It appears that the testimony of the truck driver who was accustomed to work this road, cindering the road and removing the snow, is more credible on this point.
It appears to this Court that while in the evidence there are some points of direct conflict, the driver of claimant’s car did not use good judgment in attempting to pass the snow removal truck on a snow covered highway in a snow blizzard at a speed ranging according to the testimony from 20 to 25 miles per hour, and while the truck was proceeding at a rate of ten miles an hour. We are of the opinion that the driver of claimant’s car was guilty of contributory negligence to such an extent as to deny claimant’s recovery on the claim.
Claim Disallowed.